**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**BOSTON DIVISION**

**CHAPTER 13 PLAN COVER SHEET**
*AMENDED*

Filing Date:  **11/24/2010**              Docket #:  **10-22838**
Debtor:  **Michelle M. McInerney**        Co-Debtor:
SS#:  **xxx-xx-0723**                     SS#:
Address:  **39 Warren Avenue, Unit 2**    Address:
**Boston, MA 02116**

Debtor's Counsel:  **Stefan E. Cencarik**
Address:  **Grantham Cencarik, PC**
**271 Cambridge Street**
**Suite 203**
**Cambridge, MA 02141**

Telephone #:  **(617) 497-7141**
Facsimile #:  **(617) 497-7140**
Email Address:  **sec@boston-legal.com**

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE.  THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS.  THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341.  THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE FILING OF THIS PLAN (1/31/2011) TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## BOSTON DIVISION

### OFFICIAL LOCAL FORM 3
### PRE-CONFIRMATION CHAPTER 13 PLAN
*AMENDED*

DEBTORS:  (H) **Michelle M. McInerney**          Docket # **10-22838**
          (W) _____              SS # **xxx-xx-0723**
                                                  SS # _____

**I. PLAN PAYMENT AND TERM:**

Debtor(s) shall pay monthly to the Trustee the sum of     **$528.00**     for the term of:

- ☐ 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);
- ☒ 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);
- ☐ 60 Months. 11 U.S.C. § 1322(d)(2). Debtor avers the following cause:

or ☐ _____ Months. The Debtor states as reasons therefore:

**II. SECURED CLAIMS:**

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|

Total of secured claims to be paid through the Plan:                                **$0.00**

B. Claims to be paid directly by debtor to creditors (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| **AMTRUST BANK** | **First Mortgage** |
| **CHASE MANHATTAN MORTGAGE** | **Second Mortgage** |

C. Modification of Secured Claims:

| Creditor | Details of Modification (Additional Details May Be Attached) | Amount of Claim to Be Paid Through Plan |
|---|---|---|

Total of modified secured claims to be paid through the Plan:                       **$0.00**

D. Leases:

  i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of

  ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of

  iii. The arrears under the lease to be paid under the plan are:

| Party | Amount to Be Paid Through Plan |
|---|---|

**III. PRIORITY CLAIMS:**

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|

Total of Priority Claims to Be Paid Through the Plan: **$0.00**

IV. ADMINISTRATIVE CLAIMS:

A. Attorneys Fees (to be paid through the plan): **$0.00**

B. Miscellaneous Fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a **10%** Trustee's commission.

V. UNSECURED CLAIMS:

The general unsecured creditors shall receive a dividend of **53.84%** of their claims.

A. General unsecured claims: **$52,960.00**

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|

Total of Unsecured Claims (A + B + C): **$52,960.00**

D. Multiply total by percentage: **$28,512.00**
(Example: Total of $38,500.00 x .22 dividend = $8,470.00)

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|

Total amount of separately classified claims payable at 100%: **$0.00**

VI. OTHER PROVISIONS:

A. Liquidation of assets to be used to fund plan:

B. Miscellaneous Provisions:

Chapter 13 Plan

Case 10-22838    Doc 14    Filed 01/31/11    Entered 01/31/11 15:55:17    Desc Main
Document    Page 4 of 7
Debtor(s): Michelle M. McHaney

VII. CALCULATION OF PLAN PAYMENT:

| | | |
|---|---|---:|
| a) | Secured claims (Section II-A Total): | $0.00 |
| b) | Modified Secured Claims (Section II-C Total): | $0.00 |
| c) | Lease arrears (Section II-D.iii. Total): | $0.00 |
| d) | Priority claims (Section III-A & B Total): | $0.00 |
| e) | Administrative claims (Section IV-A & B Total): | $0.00 |
| f) | Regular unsecured claims (Section V-D Total): | $28,512.00 |
| g) | Separately classified unsecured claims (Section V-E Total): | $0.00 |
| h) | Total of a + b + c + d + e + f + g above: | $28,512.00 |

i) Divide (h) by ___0.90___ for total including Trustee's fee:        Cost of Plan =        $31,680.00
(This represents the total amount to be paid into the Chapter 13 Plan.)

j) Divide (i), Cost of Plan, by Term of Plan,    __60__ months        $528.00

k) Round up to nearest dollar:  Monthly Plan Payment =        $528.00
(Enter this amount on page 1)

Pursuant to 11 U.S.C. § 1326(a)(1) unless the Court orders otherwise, debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed. Pursuant to 11 U.S.C. § 1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

VIII. LIQUIDATION ANALYSIS

A.  Real Estate:

| List Each Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| **Condominium Unit** | **$386,000.00** | **$374,627.00** |
| | Total Net Equity for Real Property: | $11,373.00 |
| | Less Total Exemptions (Schedule C): | $11,373.00 |
| | Available Chapter 7: | $0.00 |

B.  Automobile:

| Describe year, make, model | Value | Lien | Exemption |
|---|---|---|---|
| | Total Net Equity: | | $0.00 |
| | Less Total Exemptions (Schedule C): | | $0.00 |
| | Available Chapter 7: | | $0.00 |

C.  All other Assets: (All remaining items on schedule B) : (Itemize as necessary)

| Description | Value | Lien | Exemption |
|---|---|---|---|
| **Cash on Hand** | **$20.00** | **$0.00** | **$20.00** |
| **Checking Account Citizen's Bank** | **$3,800.00** | **$0.00** | **$3,800.00** |
| **Furniture** | **$1,000.00** | **$0.00** | **$1,000.00** |
| **Personal Clothing** | **$1,000.00** | **$0.00** | **$1,000.00** |
| **401(k) Fidelity Investments Debtor has loan balance of $8,046.55.** | **$24,147.80** | **$0.00** | **$24,147.80** |
| | Total Net Value: | | $29,967.80 |
| | Less Exemptions (Schedule C): | | $29,967.80 |
| | Available Chapter 7: | | $0.00 |

D.  Summary of Liquidation Analysis (Total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions: $0.00

Additional Comments regarding Liquidation Analysis:

IX. SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

/s/ Stefan E. Cencarik                              1/31/2011
Debtor's Attorney                                   Date

Attorney's Address:   **Grantham Cencarik, PC**
                      **271 Cambridge Street**
                      **Suite 203**
                      **Cambridge, MA 02141**

                      Tel. #  **(617) 497-7141**
                      Email Address:   **sec@boston-legal.com**

I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.

/s/ Michelle M. McInerney                           1/31/2011
Debtor                                              Date


Debtor                                              Date

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

IN RE: Michelle M. McInerney                    CASE NO. 10-22838

                                                CHAPTER 13

## Certificate of Service

I, Stefan E. Cencarik, counsel for the Debtor(s), hereby certify that on the date indicated below that I served a copy of the foregoing document, including any attachments, upon the parties listed below by first class mail, postage prepaid, and via ECF, if that party is so designated.

Date: 1/31/2011                    /s/ Stefan E. Cencarik
                                   **Stefan E. Cencarik**
                                   Attorney for the Debtor(s)

AMERICAN EXPRESS
C/O BECKET AND LEE LLP
PO BOX 3001
MALVERN, PA 19355

CITIZENS BANK
480 JEFFERSON BLVD
RJE 135
WARWICK, RI 02886

Michelle M. McInerney
39 Warren Avenue, Unit 2
Boston, MA 02116

AMTRUST BANK
1801 E 9TH ST STE 200
CLEVELAND, OH 44114

Harmon Law Offices, P.C.
c/o Richard T. Mulligan, Esq.
150 California Street
Newton, MA 02458

BANK OF AMERICA
4060 OGLETOWN/STANTON RD
NEWARK, DE 19713

HSBC/NEIMN
HSCB RETAIL SRVS/ ATTN: BANKRUPTCY
PO BOX 5213
CAROL STREAM, IL 60197

Carolyn Bankowski
Office of the Chapter 13 Trustee
PO Box 8250
Boston, MA 02114

HSBC/SAKS
12 E 49TH STREET
NEW YORK, NY 10017

CHASE
PO BOX 15298
WILMINGTON, DE 19850

CHASE MANHATTAN MORTGAGE
ATTENTION: RESEARCH DEPT. G7-PP
3415 VISION DRIVE
COLUMBUS, OH 43219